**FILED**

MAR 2 3 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**Teri Gunderson/ARWD/08/USCO URTS**

03/24/2008 02:36 PM

To

cc

bcc

**CV 08**

**1623**

Subject    MDL Transfer order 08-5013

RE: MDL 1917 In re Cahode Ray Tube (CRT) Antitrust Litigation assigned to Honorable Samuel Conti

*SC*

Complaint.pdf    Motion for leave.pdf    Entry of Appearance.pdf    transfer order.pdf    Order granting motion for extension.pdf

Joint Motion for Extension.pdf    docket sheet.pdf    Letter from CA MDL Clerk.pdf

**E-filing**

008-1623 SC

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

JAN 1 1 2008

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

JERRY COOK, on behalf of himself and
all others similarly situated,

Plaintiff,

vs.

CHUNGHWA PICTURE TUBES, LTD.;
TATUNG COMPANY OF AMERICA,
INC.; L.G. ELECTRONICS, INC.; LG
PHILIPS DISPLAY USA, INC.;
MATSUSHITA ELECTRIC
INDUSTRIAL CO. LTD.; PANASONIC
CORPORATION OF NORTH
AMERICA; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; SAMSUNG
ELECTRONICS CO.; SAMSUNG
ELECTRONICS AMERICA, INC.;
SAMSUNG SDI CO. LTD. f/k/a
SAMSUNG DISPLAY DEVICE CO.;
TOSHIBA CORPORATION; TOSHIBA
AMERICA ELECTRONICS
COMPONENTS, INC.;
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.; MT PICTURE
DISPLAY COMPANY; MT PICTURE
DISPLAY CORPORATION OF
AMERICA (New York); MT PICTURE
DISPLAY CORPORATION OF
AMERICA (Ohio) and LP DISPLAYS,

Defendants.

Case No. ⊃8-5013

**CLASS-ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Jerry Cook, individually and on behalf of the Class described below,

brings this action against Defendants for violation of Arkansas' antitrust laws and for

unjust enrichment and alleges as follows:

## NATURE OF THE CASE

1.    Plaintiff brings this lawsuit as a class action on behalf of individuals and entities who purchased indirectly cathode-ray tubes ("CRTs") and products containing CRTs (jointly, "CRT Products") in the State of Arkansas from Defendants during the period from at least May 1,1998 through the present (the "Class Period"). CRTs are used in a number of products, including but not limited to, computer monitors and televisions. As used herein, "CRT Products" refers to CRTs and products containing CRTs manufactured by any of the Defendants or their subsidiaries or affiliates.

2.    During the Class Period, Defendants' collusive behavior artificially inflated the price of CRT Products. In particular, Defendants participated in cartel behavior and colluded to fix the prices of CRT Products.

3.    Throughout the Class Period, Defendants' conspiracy was intended to, and did, moderate the downward price pressures on CRT Products caused by the market entry and rapid penetration of more technologically advanced competitive products. As explained in further detail below, liquid crystal displays ("LCD") and plasma display panels ("PDP") were used in the same primary applications as CRTs and presented significant advantages over CRT Products. LCD, PDP and products containing LCD or PDP will collectively be referred to as flat panel display products ("FPD Products"). Many of the Defendants, in addition to manufacturing, distributing and selling CRT Products, were also manufacturers, distributors, and sellers of FPD Products. Defendants who participated in both the market for CRT Products and the market for FPD Products will be specifically identified below.

2

4.    Because of Defendants' unlawful conduct and conspiracy, Plaintiff and other members of the Class paid artificially inflated prices for CRT Products. Plaintiff and other members of the Class who purchased these products have therefore been damaged by Defendants' illegal actions.

## JURISDICTION AND VENUE

5.    This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which amends 28 U.S.C. §1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of plaintiffs is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. ' 1332(d)(2) and (6). This Court also has jurisdiction under 28 U.S.C. §1332(d) because "one or more members of the class is a citizen of a state within the U.S. and one or more of the Defendants is a citizen or subject of a foreign state." The Court also has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Defendants systematically and continually conduct business here and throughout the U.S., including marketing, advertising, and sales directed to residents of this District.

6.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c) because Defendants as corporations are "deemed to reside in any judicial district in which [they are] subject to personal jurisdiction."

## PARTIES

7.    Plaintiff Jerry Cook is an Arkansas resident who indirectly purchased

3

Defendants' CRT Products for end use during the Class Period.

8.    Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a Taiwanese company with its principal place of business at 1127 Heping Road, Bade City, Taoyuan, Taiwan. It is a partially owned subsidiary of Tatung Company, a consolidated consumer electronics and information technology company based in Taiwan. Chunghwa's Board of Directors includes representatives from Tatung Company. The Chairman of Chunghwa, Weishan Lin, is also the Chairman and General Manager of Tatung Company. During the Class Period, Chunghwa manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Arkansas. Chunghwa also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

9.    Defendant Tatung Company of America, Inc. is a California corporation with its principal place of business at 2850 El Presidio Street, Long Beach, California. Tatung Company of America, Inc. is a wholly-owned and controlled subsidiary of Tatung Company. During the Class Period, Tatung Company of America, Inc. manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Arkansas. Tatung Company of America, Inc. also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

10.    Defendant LG Electronics, Inc. ("LGE") is a manufacturer of CRT Products with its global headquarters located at LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721. During the Class Period, LGE manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Arkansas. LGE also manufactured, distributed and sold FPD Products in the U.S.,

4

including in Arkansas, during the Class Period.

11.    Defendant Matsushita Electric Industrial Co., Ltd ("Matsushita") is a Japanese company and has its global headquarters at 1006 Kadoma, Osaka 571-8501, Japan. Matsushita is the parent company of Panasonic Corporation of North America, JVC Company of America, and Victor Company of Japan, Ltd. During the Class Period, Matsushita manufactured, sold and distributed CRT Products to customers throughout the U.S. Matsushita also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

12.    Defendant Panasonic Corporation of North America ("Panasonic") is a subsidiary of Defendant Matsushita and oversees its North American business operations, including sales. Defendant Panasonic has its global headquarters at 1 Panasonic Way, Secaucus, New Jersey, 07094. During the Class Period, Panasonic manufactured, sold and distributed CRT products to customers throughout the U.S., including in Arkansas. A substantial portion of the CRTs produced by MT Picture Displays Co., Matsushita's subsidiary, went to Panasonic for Panasonic's production of CRT Products. Panasonic also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

13.    Defendant Koninklijke Philips Electronics N.V. ("Koninklijke") has its global headquarters at Breitner Center Amstelplein 2, Amsterdam 1096 BC, Netherlands. During the Class Period, Koninklijke manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Arkansas. Koninklijke also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

5

14.    Defendant Philips Electronics North America Corporation ("Philips Electronics NA"), is a manufacturer of CRT Products. Defendant Philips Electronics NA has its global headquarters at 1251 Avenue of the Americas, New York, New York 10020. During the Class Period, Philips Electronics NA manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Arkansas. Philips Electronics NA also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

15.    Defendant LG Philips Display USA, Inc. ("LGPD"), is a manufacturer of CRT Products and is a subsidiary of Philips Electronics NA. Defendant LG Philips Display USA, Inc. has its global headquarters at 300 W Morgan Rd, Ann Arbor, MI 48108-9108, U.S. During the Class Period, LGPD manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Arkansas,

16.    Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a Korean company with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Korea. It is the world's largest producer of CRT Products. During the Class Period, Samsung Electronics manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Arkansas. Samsung Electronics also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

17.    Defendant Samsung SDI Co., Ltd. ("Samsung SDI") formerly known as Samsung Display Device Co., has its global headquarters at Samsung Life Insurance Bldg 150, Seoul 100-716, Korea. During the Class Period, Samsung SDI manufactured, sold

6

and distributed CRT Products to customers throughout the U.S., including in Arkansas.
Samsung SDI also manufactured, distributed and sold FPD Products in the U.S.,
including in Arkansas, during the Class Period.

      18.      Defendant Samsung Electronics America, Inc. ("Samsung America") is a
New York corporation with its principal place of business at 105 Challenger Road,
Ridgefield Park, New Jersey. Samsung America is a wholly-owned and controlled
subsidiary of Defendant Samsung Electronics Company, Ltd. During the class Period,
Samsung America sold and distributed CRT Products manufactured by Samsung
Electronics Company, Ltd. to customers throughout the U.S., including in Arkansas.
Samsung America also sold and distributed FPD Products in the U.S., including in
Arkansas, during the Class Period.

      19.      Defendants Samsung Electronics Company, Ltd., Samsung SDI Co., Ltd.,
and Samsung America are referred to collectively herein as "Samsung."

      20.      Defendant Toshiba Corporation is a Japanese company with its principal
place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. During
the Class Period, Toshiba Corporation manufactured, sold, and distributed CRT Products
to customers throughout the U.S., including in Arkansas. Toshiba Corporation also
manufactured, distributed and sold FPD Products in the U.S., including in Arkansas,
during the Class Period.

      21.      Defendant Toshiba America Electronics Components, Inc. is a California
corporation with its principal place of business at 19900 MacArthur Boulevard, Suite
400, Irvine, California. Toshiba America Electronics Components, Inc. is a wholly-owned
and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant

Toshiba Corporation. During the Class Period, Toshiba America Electronics

Components, Inc. sold and distributed CRT Products manufactured by Toshiba

Corporation to customers throughout the U.S., including in Arkansas. Toshiba America

Electronic Components also sold and distributed FPD Products manufactured by Toshiba

Corporation in the U.S., including in Arkansas, during the Class Period.

22.     Defendant Toshiba America Information Systems, Inc. is a California

corporation with its principal place of business at 9470 Irvine Blvd., Irvine, California.

Toshiba America Information Systems, Inc. is a wholly-owned and controlled subsidiary

of Toshiba America, Inc., a holding company for Defendant Toshiba Corporation.

During the Class Period, Toshiba America Information Systems, Inc. sold and distributed

CRT Products manufactured by Toshiba Corporation to customers throughout the U.S.,

including in Arkansas. Toshiba America Information Systems also sold and distributed

FPD Products manufactured by Toshiba Corporation in the U.S., including in Arkansas,

during the Class Period.

23.     Defendants Toshiba Corporation, Toshiba America Electronics

Components, Inc., and Toshiba America Information Systems, Inc. are referred to

collectively herein as "Toshiba."

24.     Defendant MT Picture Display Company is a wholly-owned and

controlled subsidiary of Defendant Matsushita organized under the laws of Japan with its

principal place of business located at Rivage Shinagawa, 1-8, Konan 4-chome, Minato-

ku, Tokyo 108-0075, Japan. Prior to April 2007, MT Picture Display Company was a

joint venture between Matsushita Electric Industrial Co., Ltd. and Toshiba Corporation

named Matsushita Toshiba Picture Display Co. Ltd. This joint venture was created in

8

2003 and integrated the CRTs operations of its parents. During the Class Period, both MT Picture Display and its predecessor Matsushita Toshiba Picture Display Co. Ltd. sold and distributed CRT Products to customers throughout the U.S., including in Arkansas.

25.     Defendants MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) were subsidiaries of MT Picture Display Company. Both subsidiaries were incorporated in Maryland and with their principal place of business located at 300 East Lombard Street, Baltimore, MD 21202. During the Class Period, MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) sold and distributed CRT Products to customers throughout the U.S., including in Arkansas.

26.     Defendant LP Displays (formerly known as LG Philips Display), a joint venture between LG Electronics and Koninklijke Philips Electronics, is organized under the laws of Hong Kong with its principal place of business located at Corporate Communications, 6th Floor, ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong. During the Class Period, LP Displays sold and distributed CRT Products to customers throughout the U.S., including in Arkansas.

27.     Defendants committed the acts alleged in this complaint through their officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of each defendant's business or affairs.

28.     Defendants' unlawful and intentional concerted actions have severely damaged and will continue to damage Plaintiff and the members of the classes they seek to represent.

9

## CO-CONSPIRATORS AND AGENCY

29.    Defendants, along with certain other persons, firms, corporations and entities, are co-conspirators in the violations and conspiracies alleged in this Complaint. These co-conspirators have performed acts and made statements in furtherance of the antitrust violation and conspiracies alleged herein.

30.    At all relevant times, each Defendant ratified and/or authorized the wrongful acts of each of the other Defendants. Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes and transactions that are the subject of this Complaint. Defendants participated as numbers of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying out its purposes alleged in this Complaint, and have performed acts and made statements in furtherance of the violations and conspiracy.

31.    At all times, each Defendant was the agent of the other Defendants and in committing the violations and conspiracies alleged in this Complaint was acting within the course and scope of that agency and with the permission and consent of the principals.

## CLASS-ACTION ALLEGATIONS

32.    Plaintiff brings this action both on behalf of himself and on behalf of the following Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All people and business entities in Arkansas that indirectly purchased CRT Products manufactured, sold, or distributed by Defendants, other than for resale, from May 1, 1990 to present.
>
> Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any judicial officers presiding over this action.

10

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| **JERRY COOK, on behalf of himself and**<br>**all others similarly situated,** ) | **Case No. 08-5013** |
| ) | |
| **Plaintiff** ) | |
| ) | |
| ) | |
| **CHUNGHWA PICTURE TUBES, LTD.;** ) | |
| **TATUNG COMPANY OF AMERICA,** ) | |
| **INC.; L.G. ELECTRONICS, INC.; LG** ) | |
| **PHILIPS DISPLAY USA, INC.;** ) | |
| **MATSUSHITA ELECTRIC INDUSTRIAL** ) | |
| **CO. LTD.; PANASONICCORPORATION** ) | |
| **OF NORTH AMERICA; KONINKLIJKE** ) | |
| **PHILIPS ELECTRONICS N.V.; PHILIPS** ) | |
| **ELECTRONICS NORTH AMERICA** ) | |
| **CORPORATION; SAMSUNG ELECTRONICS** ) | |
| **CO.; SAMSUNG ELECTRONICS AMERICA, INC.;** ) | |
| **SAMSUNG SDI CO. LTD. f/k/a SAMSUNG** ) | |
| **DISPLAYDEVICE CO.; TOSHIBA AMERICA** ) | |
| **ELECTRONICS COMPONENTS, INC.; TOSHIBA** ) | |
| **AMERICA INFORMATION SYSTEMS, INC.;** ) | |
| **MT PICTURE DISPLAY COMPANY; MT PICTURE** ) | |
| **DISPLAY CORPORATION OF AMERICA** ) | |
| **(New York); MT PICTURE DISPLAY** ) | |
| **CORPORATION OF AMERICA (Ohio)** ) | |
| **AND LP DISPLAYS,** ) | |

## ENTRY OF APPEARANCE

COMES NOW, Bruce L. Mulkey of The Mulkey Attorneys Group, P.A., Rogers, Arkansas

and enters his appearance on behalf of the plaintiff in the above-styled cause.

1

JERRY COOK, Plaintiff

By:    / s /  Bruce L. Mulkey
        Bruce L. Mulkey, Arkansas Bar No. 91026
        The Mulkey Attorneys Group, P.A.
        1039 West Walnut Street, Suite 3
        Rogers, Arkansas 72756
        Phone:  (479) 631-0481
        Facsimile: (479) 631-5994

2

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERRY COOK, on behalf of himself
and all other similarly situated

PLAINTIFF

V.                           CASE NO. 5:08-cv-5013-JLH

CHUNGHWA PICTURE TUBES, LTD.
et al.

DEFENDANTS

DEFENDANTS

## NOTICE OF APPEARANCE

To the Clerk of this Court and all parties of record:

Enter my appearance as counsel in this case for Defendant Panasonic Corporation of North

America.

I certify that I am admitted to practice in this Court.

Date: 02/11/08                 Respectfully submitted

PHILIP E. KAPLAN
/s/Philip E. Kaplan
68026
Attorney for Defendant Panasonic Corporation of
North America
Williams & Anderson PLC
111 Center Street, 22nd Floor
Little Rock, AR 72201
501-372-0800
pkaplan@williamsanderson.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, I electronically filed the foregoing with the Clerk of
Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Charles M. Kester**
  cmkester@nwark.com,pauline@kester.arcoxmail.com
- **Bruce L. Mulkey**
  bruce@mulkeylaw.com,abby@mulkeylaw.com

There are no manual recipients.

/s/Philip E. Kaplan
68026
Attorney for Defendant Panasonic Corporation of
North America
Williams & Anderson PLC
111 Center Street, 22nd Floor
Little Rock, AR 72201
501-372-0800

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**JERRY COOK, on behalf of himself
and all others similarly situated**                    **PLAINTIFF**

            v.                Civil No. 08-5013

**CHUNGHWA PICTURE TUBES, et al.**                      **DEFENDANTS**

### O R D E R

Now on this 14th day of February, 2008, comes on for consideration the **Joint Motion For Enlargement Of Time To Answer, Move Or Otherwise Respond To The Complaint** of plaintiff and separate defendant Panasonic Corporation of North America (document #4), and the Court, being well and sufficiently advised, finds and orders as follows:

1.   Movants allege that the instant case is one of some thirty class actions relating to the same subject matter, and that they anticipate the matter will be transferred to an MDL court for coordinated and consolidated pretrial proceedings.   They also allege that plaintiff contemplates filing an amended complaint if the matter is sent to an MDL court.   They suggest an extension of the time for defendant to respond to the Complaint, running 45 days from either (a) the filing of an amended complaint or (b) the date plaintiff provides written notice that he does not intend to file an amended complaint.   This extension would obtain unless defendant agrees to sooner file an answer in any of the similar

cases. Movants also suggest allowing other defendants to have the benefit of a similar extension by written agreement.

2.    While the Court is not unmindful of the efficiencies that may be gained by allowing defendants to file one response rather than two, and the motion will be **granted**, the Court is unwilling to leave the matter as open-ended as the movants request. It will, instead, allow all defendants an extension of time to respond to plaintiff's Complaint until the earlier of (a) May 1, 2008, or (b) 45 days after the filing of an amended complaint, with the exception that if a particular defendant agrees to sooner file an answer in any of the similar cases, it must file its answer in this case on the same date.

3.    It is not clear from the file which defendants have been served with the Complaint and Summons, and which have not.    The Court does not intend, by this Order, to shorten the response time allowed by the Federal Rules of Civil Procedure for any defendant who is served after the date of this Order.

**IT IS SO ORDERED.**

> **/s/Jimm Larry Hendren**
> **JIMM LARRY HENDREN**
> **UNITED STATES DISTRICT JUDGE**

-2-

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

JERRY COOK, on behalf of
himself and all other similarly situated                    PLAINTIFFS

V.                          CASE NO. 5:08-cv-5013-JLH

CHUNGHWA PICTURE TUBES;
TATUNG CO. OF AMERICA;
L.G. ELECTRONICS; LG PHILIPS
DISPLAY USA; MATSUSHITA
ELECTRIC INDUSTRIAL CO.;
PANASONIC CORP. OF NA;
KONINKLIJKE PHILIPS ELECTRONICS N.V.;
PHILIPS ELECTRONICS NA CORP.;
SAMSUNG ELECTRONICS CO.;
SAMSUNG ELECTRONICS AMERICA;
SAMSUNG SDI CO. F/K/A SAMSUNG
DISPLAY DEVICE CO.; TOSHIBA CORP.;
TOSHIBA AMERICA ELECTRONICS
COMPONENTS; TOSHIBA AMERICA
INFORMATION SYSTEMS;  MT PICTURE
DISPLAY CO.; MT PICTURE DISPLAY CORP.
OF AMERICA (NEW YORK); MT PICTURE
DISPLAY CORP. OF AMERICA (OHIO);
LP DISPLAYS                                                 DEFENDANTS

## JOINT MOTION FOR ENLARGEMENT OF TIME
## TO ANSWER, MOVE OR OTHERWISE RESPOND
## TO THE COMPLAINT

Defendant Panasonic Corporation of North America ("PNA"), by counsel, and Plaintiff

Jerry Cook, by counsel, jointly move this Court to enlarge the time within which PNA has to

a consolidated Amended Complaint in the CRT Cases, or (2) forty-five (45) days after Plaintiff

provides written notice to PNA that Plaintiff does not intend to file a consolidated Amended

Complaint, provided, however, that in the event that PNA should agree to an earlier response

date in any particular CRT case, PNA will respond to the Complaint in this captioned action on

that earlier date;

     9.    Plaintiff is agreeable to the stated extension applying, without further stipulation

or Motion, to all named defendants who notify Plaintiff's counsel in writing of their intention to

become subject to the agreement between PNA and Plaintiff;

     10.    Plaintiff agrees that acceptance of the Agreement between Plaintiff and PNA by

any party shall not constitute a waiver by PNA or any given defendant of any defense, including

but not limited to the defense of lack of personal jurisdiction, subject matter jurisdiction,

improper venue, sufficiency of process or service of process;

     WHEREFORE, the parties respectfully request this Court order as follows:

     1.    The deadline for Defendant PNA to answer, move, or otherwise respond to the

Complaint be extended until the earliest of the following:  (1) forty-five (45) days after the filing

of a consolidated Amended Complaint in the CRT Cases, or (2) forty-five (45) days after

Plaintiff provides written notice to PNA that Plaintiff does not intend to file a consolidated

Amended Complaint, provided, however, that in the event that PNA should agree to an earlier

response date in any particular CRT case, PNA will respond to the Complaint in the captioned

action on that earlier date.

     2.    The same extension be made available for any party who provides written

notification to Plaintiff's counsel of its intention to become subject to this Order.

3.     Acceptance of the terms of this Order does not constitute a waiver by PNA or any other named defendant of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process, or service of process.

Respectfully submitted this 12th day of February 2008,

/s/Philip E. Kaplan
PHILIP E. KAPLAN
Bar No. 68026
Attorney for Defendant Panasonic Corporation of North America
Williams & Anderson PLC
111 Center Street, 22nd Floor
Little Rock, AR 72201
501-372-0800
pkaplan@williamsanderson.com

/s/Charles M. Kester
CHARLES M. KESTER
Bar No. 94238
Attorney for Plaintiff Jerry Cook
The Kester Law firm
P.O. Box 184
Fayetteville, AR 72702-0184
479-582-4600
cmkester@nwark.com

/s/Bruce Mulkey
BRUCE MULKEY
Attorney for Plaintiff Jerry Cook
The Mulkey Attorneys Group, P.A.
1039 W. Walnut, Ste. 3
479-631-0481
bruce@mulkeylaw.com

CLOSED

# U. S. District Court
## Western District of Arkansas (Fayetteville)
### CIVIL DOCKET FOR CASE #: 5:08-cv-05013-JLH
#### Internal Use Only

Cook v. Chunghwa Picture Tubes, LTD. et al                Date Filed: 01/11/2008
Assigned to: Honorable Jimm Larry Hendren             Date Terminated: 03/24/2008
Cause: 15:1 Antitrust Litigation                                 Jury Demand: Plaintiff
                                                                        Nature of Suit: 410 Anti-Trust
                                                                        Jurisdiction: Federal Question

## Plaintiff

**Jerry Cook**                              represented by **Charles M. Kester**
*on behalf of himself and all others*                    Kester Law Firm
*similarly situated*                                            P.O. Box 184
                                                                        Fayetteville, AR 72702
                                                                        479-582-4600
                                                                        Fax: 479-571-1671
                                                                        Email: cmkester@nwark.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*

                                                                        **Bruce L. Mulkey**
                                                                        The Mulkey Attorneys Group P.A.
                                                                        1039 W. Walnut Suite 3
                                                                        Rogers, AR 72756
                                                                        (479) 631-0481
                                                                        Fax: (479) 631-5994
                                                                        Email: bruce@mulkeylaw.com
                                                                        *ATTORNEY TO BE NOTICED*

V.

## Defendant
**Chunghwa Picture Tubes, LTD.**

## Defendant
**Tatung Company of America, Inc.**

## Defendant
**L.G. Electronics, Inc.**

## Defendant

**LG Philips Display USA, Inc.**

**Defendant**

**Matsushita Electric Industrial Co.
LTD.**

**Defendant**

**Panasonic Corporation of North
America**

represented by **Philip E. Kaplan**
Williams & Anderson PLC
111 Center St.
22nd Floor
Little Rock, AR 72201
(501) 372-0800
Fax: 501-372-6453
Email: pkaplan@williamsanderson.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Koninklijke Philips Electronics N.V**

**Defendant**

**Philips Electronics North America
Corporation**

**Defendant**

**Samsung Electronics Co.**

**Defendant**

**Samsung Electronics America, Inc.**

**Defendant**

**Samsung SDI Co. LTD.**
*formerly known as*
Samsung Display Device Co.

**Defendant**

**Toshiba Corporation**

**Defendant**

**Toshiba America Electronics
Components, Inc.**

**Defendant**

**Toshiba America Information
Systems, Inc.**

**Defendant**

Western District of Arkansas - Docket Report                                    Page 3 of 4

MT Picture Display Company

**Defendant**

**MT Picture Display Corporation of
America (New York)**

**Defendant**

**MT Picture Display Corporation of
America (Ohio)**

**Defendant**

**LP Displays**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/11/2008 | ❶ 1 | COMPLAINT against Samsung Electronics Co., Samsung Electronics America, Inc., Samsung SDI Co. LTD., Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., MT Picture Display Company, MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), LP Displays, Chunghwa Picture Tubes, LTD., Tatung Company of America, Inc., L.G. Electronics, Inc., LG Philips Display USA, Inc., Matsushita Electric Industrial Co. LTD., Panasonic Corporation of North America, Koninklijke Philips Electronics N.V, Philips Electronics North America Corporation ( Filing fee $ 350 receipt number 5000479.), filed by Jerry Cook. (No summons issued)(jn) (Entered: 01/11/2008) |
| 01/11/2008 | ❶ | (Court only) Magistrate Notice/Consent Furnished to plaintiff. (jn) (Entered: 01/11/2008) |
| 01/11/2008 | ❶ | CLERK'S NOTICE re Multiple Attorneys Listed on Pleading directed to Plaintiff Jerry Cook. Complaint, 1 lists multiple attorneys appearing for the filer(MULKEY, KARON, NARINE, DIEL, SOLEN, BARNETT). All listed attorneys, other than the attorney signing the pleading, must enter a separate Notice of Appearance in order to receive electronic notification of future activity in the case. TEXT ONLY ENTRY, NO DOCUMENT ATTACHED (jn) (Entered: 01/11/2008) |
| 01/14/2008 | ❶ 2 | MOTION for Leave to Appear by Jerry Cook. (Mulkey, Bruce) (Entered: 01/14/2008) |
| 01/18/2008 | ❶ | Summons Issued as to Samsung Electronics America, Inc., Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., MT Picture Display Company, Chunghwa Picture Tubes, LTD., Tatung Company of America, Inc., LG Philips Display USA, Inc., Panasonic Corporation of North America, Philips Electronics North America Corporation and returned to attorney/plaintiff for service; Magistrate Notice of Consent attached. (jn) (Entered: 01/18/2008) |
| 01/30/2008 | ❶ | (Court only) ***Motions terminated: 2 MOTION for Leave to Appear |

|            |            |                                                                                                                                                                                                                                              |
|------------|------------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|            |            | filed by Jerry Cook. Document was an entry of appearance for attorney Mulkey (tg) Modified on 2/1/2008 to add text (jn). (Entered: 01/30/2008)                                                                                                 |
| 02/11/2008 | 📎3         | NOTICE of Appearance by Philip E. Kaplan on behalf of Panasonic Corporation of North America (Kaplan, Philip) (Entered: 02/11/2008)                                                                                                           |
| 02/12/2008 | 📎4         | Joint MOTION for Extension of Time to File Response/Reply as to 1 Complaint,, *or to move or otherwise respond* by Jerry Cook, Panasonic Corporation of North America. (Kaplan, Philip) (Entered: 02/12/2008)                                  |
| 02/14/2008 | 📎5         | ORDER granting 4 Motion for Extension of Time to File Response/Reply. Signed by Honorable Jimm Larry Hendren on February 14, 2008. (tg) (Entered: 02/14/2008)                                                                                  |
| 03/24/2008 | 📎6         | MDL CONDITIONAL TRANSFER ORDER C 07-5944 SC. Case transferred to District of California, Civil Action 5:07-5013 and assigned to Honorable Samuel Conti. Documents transmitted as requested. (Attachments: #1 Letter from Clerk, District of California) (tg) (Entered: 03/24/2008) |

**A CERTIFIED TRUE COPY**

MAR 1 4 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 2 7 2008

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

WESTERN DISTRICT COURT
WESTERN DISTRICT ARKANSAS    FILED
FILED    CLERK'S OFFICE

MAR 2 4 2008

CHRIS R. JOHNSON, CLERK

**IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION**                          BY

DEPUTY CLERK   MDL No. 1917

C 07-5944 SC

(SEE ATTACHED SCHEDULE)

**FILED**

MAR 1 8 2008

**CONDITIONAL TRANSFER ORDER (CTO-1)**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

On February 15, 2008, the Panel transferred one civil action to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Samuel Conti.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the action previously transferred to the Northern District of California and assigned to Judge Conti.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of February 15, 2008, and, with the consent of that court, assigned to the Honorable Samuel Conti.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

**Inasmuch as no objection is
pending at this time, the
stay is lifted.**

MAR 1 4 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By K. C. S
Deputy Clerk
Date 03/19/08

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

MDL No. 1917

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

ARKANSAS WESTERN
  ARW 5  08-5013          Jerry Cook v. Chunghwa Picture Tubes, Ltd., et al.

ARIZONA
  AZ  2  08-55            Brian A. Luscher, et al. v. Chunghwa Picture Tubes, Ltd., et al.

MINNESOTA
  MN  0  07-4889          Wettstein & Sons, Inc., etc. v. Chunghwa Picture Tubes, Ltd., et al.
  MN  0  08-160           Barry Kushner, et al. v. Chunghwa Picture Tubes, Ltd., et al.

NEW JERSEY
  NJ  2  07-5713          Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Ltd., et al.
  NJ  2  08-39            Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.
  NJ  2  08-86            OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.

NEW YORK SOUTHERN
  NYS 1  07-10664         Arch Electronics, Inc. v. LG Electronics, Inc., et al.
  NYS 1  07-10674         Meijer, Inc., et al. v. LG Electronics, Inc., et al.
  NYS 1  07-11203         Industrial Computing, Inc. v. Chunghwa Picture Tubes, Ltd., et al.

OHIO NORTHERN
  OHN 1  08-62            Southern Office Supply, Inc. v. Chunghwa Picture Tubes, Ltd., et al.

SOUTH CAROLINA
  SC  4  07-4175          Greg A. Glanz v. Chunghwa Picture Tubes, Ltd., et al.

TENNESSEE EASTERN
  TNE 2  08-11            Charles Benson v. Chunghwa Picture Tubes, Ltd., et al.

VERMONT
  VT  2  08-5             Margaret Slagle v. Chunghwa Picture Tubes, Ltd., et al.

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard W. Wieking
Clerk

450 Golden Gate Avenue
San Francisco, CA 94102
415.522.2000

18 March 2008

U.S. District Court
523 John Paul Hammerschmidt Federal Building
35 East Mountain street
Fayetteville, AR 72701-6420

Re:    MDL 1917 In re Cathode Ray Tube (CRT) Antitrust Litigation

Title of Case(s)                                           Your Case Number(s)
Jerry Cook -v- Chunghwa Picture Tubes, Ltd., et al         C.A. No. 5:08-5013

Dear Clerk:

Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation transferring the above entitled action to the Northern District of California, San Francisco Division. The case has been assigned to the Honorable Samuel Conti for coordinated or consolidated pretrial processing pursuant to 28 USC §1407.

Please forward the original record and a certified copy of the docket entries in the case listed above along with the enclosed copy of this transmittal letter to:

United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: MDL Clerk

If the case is an electronic case filing please do one of the following: 1) electronically transfer the case via ECF by contacting our Automation Department at ecfhelpdesk@cand.uscourts.gov; 2) e-mail the PDF documents, as separate PDF files, including a PDF copy of the docket sheet to SFmdl_clerk@cand.uscourts.gov; 3) provide the PDF documents on a disc; or 4) provide us with a temporary log in and a password to directly access your database to expedite the downloading of the PDF files we need and/or require, We appreciate your prompt attention to this matter.

Sincerely yours,
Richard W. Wieking, Clerk

*L. C. Santos*

For Simone Voltz
Deputy Clerk

Encl.

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

JAN 1 1 2008

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

JERRY COOK, on behalf of himself and
all others similarly situated,

        Plaintiff,

    vs.

CHUNGHWA PICTURE TUBES, LTD.;
TATUNG COMPANY OF AMERICA,
INC.; L.G. ELECTRONICS, INC.; LG
PHILIPS DISPLAY USA, INC.;
MATSUSHITA ELECTRIC
INDUSTRIAL CO. LTD.; PANASONIC
CORPORATION OF NORTH
AMERICA; KONINKLIJKE PHILIPS
ELECTRONICS N.V.; PHILIPS
ELECTRONICS NORTH AMERICA
CORPORATION; SAMSUNG
ELECTRONICS CO.; SAMSUNG
ELECTRONICS AMERICA, INC.;
SAMSUNG SDI CO. LTD. f/k/a
SAMSUNG DISPLAY DEVICE CO.;
TOSHIBA CORPORATION; TOSHIBA
AMERICA ELECTRONICS
COMPONENTS, INC.;
TOSHIBA AMERICA INFORMATION
SYSTEMS, INC.; MT PICTURE
DISPLAY COMPANY; MT PICTURE
DISPLAY CORPORATION OF
AMERICA (New York); MT PICTURE
DISPLAY CORPORATION OF
AMERICA (Ohio) and LP DISPLAYS,

        Defendants.

Case No. 08-5013

**CLASS-ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff Jerry Cook, individually and on behalf of the Class described below,
brings this action against Defendants for violation of Arkansas' antitrust laws and for
unjust enrichment and alleges as follows:

## NATURE OF THE CASE

1.     Plaintiff brings this lawsuit as a class action on behalf of individuals and entities who purchased indirectly cathode-ray tubes ("CRTs") and products containing CRTs (jointly, "CRT Products") in the State of Arkansas from Defendants during the period from at least May 1,1998 through the present (the "Class Period"). CRTs are used in a number of products, including but not limited to, computer monitors and televisions. As used herein, "CRT Products" refers to CRTs and products containing CRTs manufactured by any of the Defendants or their subsidiaries or affiliates.

2.     During the Class Period, Defendants' collusive behavior artificially inflated the price of CRT Products. In particular, Defendants participated in cartel behavior and colluded to fix the prices of CRT Products.

3.     Throughout the Class Period, Defendants' conspiracy was intended to, and did, moderate the downward price pressures on CRT Products caused by the market entry and rapid penetration of more technologically advanced competitive products. As explained in further detail below, liquid crystal displays ("LCD") and plasma display panels ("PDP") were used in the same primary applications as CRTs and presented significant advantages over CRT Products. LCD, PDP and products containing LCD or PDP will collectively be referred to as flat panel display products ("FPD Products"). Many of the Defendants, in addition to manufacturing, distributing and selling CRT Products, were also manufacturers, distributors, and sellers of FPD Products. Defendants who participated in both the market for CRT Products and the market for FPD Products will be specifically identified below.

2

4.     Because of Defendants' unlawful conduct and conspiracy, Plaintiff and other members of the Class paid artificially inflated prices for CRT Products. Plaintiff and other members of the Class who purchased these products have therefore been damaged by Defendants' illegal actions.

## JURISDICTION AND VENUE

5.     This Court has diversity subject-matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005, which amends 28 U.S.C. §1332 to add a new subsection (d) conferring federal jurisdiction over class actions where, as here, "any member of a class of plaintiffs is a citizen of a State different from any defendant" and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. '1332(d)(2) and (6). This Court also has jurisdiction under 28 U.S.C. §1332(d) because "one or more members of the class is a citizen of a state within the U.S. and one or more of the Defendants is a citizen or subject of a foreign state." The Court also has personal jurisdiction over the parties because Plaintiff submits to the jurisdiction of the Court and Defendants systematically and continually conduct business here and throughout the U.S., including marketing, advertising, and sales directed to residents of this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a) and (c) because Defendants as corporations are "deemed to reside in any judicial district in which [they are] subject to personal jurisdiction."

## PARTIES

7.     Plaintiff Jerry Cook is an Arkansas resident who indirectly purchased

3

Defendants' CRT Products for end use during the Class Period.

8.      Defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") is a Taiwanese company with its principal place of business at 1127 Heping Road, Bade City, Taoyuan, Taiwan. It is a partially owned subsidiary of Tatung Company, a consolidated consumer electronics and information technology company based in Taiwan. Chunghwa's Board of Directors includes representatives from Tatung Company. The Chairman of Chunghwa, Weishan Lin, is also the Chairman and General Manager of Tatung Company. During the Class Period, Chunghwa manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Arkansas. Chunghwa also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

9.      Defendant Tatung Company of America, Inc. is a California corporation with its principal place of business at 2850 El Presidio Street, Long Beach, California. Tatung Company of America, Inc. is a wholly-owned and controlled subsidiary of Tatung Company. During the Class Period, Tatung Company of America, Inc. manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Arkansas. Tatung Company of America, Inc. also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

10.      Defendant LG Electronics, Inc. ("LGE") is a manufacturer of CRT Products with its global headquarters located at LG Twin Towers 20, Yeouido-dong, Yeongdeungpo-gu, Seoul, Korea 150-721. During the Class Period, LGE manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Arkansas. LGE also manufactured, distributed and sold FPD Products in the U.S.,

4

including in Arkansas, during the Class Period.

11.     Defendant Matsushita Electric Industrial Co., Ltd ("Matsushita") is a Japanese company and has its global headquarters at 1006 Kadoma, Osaka 571-8501, Japan. Matsushita is the parent company of Panasonic Corporation of North America, JVC Company of America, and Victor Company of Japan, Ltd. During the Class Period, Matsushita manufactured, sold and distributed CRT Products to customers throughout the U.S. Matsushita also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

12.     Defendant Panasonic Corporation of North America ("Panasonic") is a subsidiary of Defendant Matsushita and oversees its North American business operations, including sales. Defendant Panasonic has its global headquarters at 1 Panasonic Way, Secaucus, New Jersey, 07094. During the Class Period, Panasonic manufactured, sold and distributed CRT products to customers throughout the U.S., including in Arkansas. A substantial portion of the CRTs produced by MT Picture Displays Co., Matsushita's subsidiary, went to Panasonic for Panasonic's production of CRT Products. Panasonic also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

13.     Defendant Koninklijke Philips Electronics N.V. ("Koninklijke") has its global headquarters at Breitner Center Amstelplein 2, Amsterdam 1096 BC, Netherlands. During the Class Period, Koninklijke manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Arkansas. Koninklijke also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

5

14. Defendant Philips Electronics North America Corporation ("Philips Electronics NA"), is a manufacturer of CRT Products. Defendant Philips Electronics NA has its global headquarters at 1251 Avenue of the Americas, New York, New York 10020. During the Class Period, Philips Electronics NA manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Arkansas. Philips Electronics NA also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

15. Defendant LG Philips Display USA, Inc. ("LGPD"), is a manufacturer of CRT Products and is a subsidiary of Philips Electronics NA. Defendant LG Philips Display USA, Inc. has its global headquarters at 300 W Morgan Rd, Ann Arbor, MI 48108-9108, U.S. During the Class Period, LGPD manufactured, sold and distributed CRT Products to customers throughout the U.S., including in Arkansas,

16. Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a Korean company with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Korea. It is the world's largest producer of CRT Products. During the Class Period, Samsung Electronics manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Arkansas. Samsung Electronics also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

17. Defendant Samsung SDI Co., Ltd. ("Samsung SDI") formerly known as Samsung Display Device Co., has its global headquarters at Samsung Life Insurance Bldg 150, Seoul 100-716, Korea. During the Class Period, Samsung SDI manufactured, sold

6

and distributed CRT Products to customers throughout the U.S., including in Arkansas. Samsung SDI also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

18.     Defendant Samsung Electronics America, Inc. ("Samsung America") is a New York corporation with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey. Samsung America is a wholly-owned and controlled subsidiary of Defendant Samsung Electronics Company, Ltd. During the class Period, Samsung America sold and distributed CRT Products manufactured by Samsung Electronics Company, Ltd. to customers throughout the U.S., including in Arkansas. Samsung America also sold and distributed FPD Products in the U.S., including in Arkansas, during the Class Period.

19.     Defendants Samsung Electronics Company, Ltd., Samsung SDI Co., Ltd., and Samsung America are referred to collectively herein as "Samsung."

20.     Defendant Toshiba Corporation is a Japanese company with its principal place of business at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. During the Class Period, Toshiba Corporation manufactured, sold, and distributed CRT Products to customers throughout the U.S., including in Arkansas. Toshiba Corporation also manufactured, distributed and sold FPD Products in the U.S., including in Arkansas, during the Class Period.

21.     Defendant Toshiba America Electronics Components, Inc. is a California corporation with its principal place of business at 19900 MacArthur Boulevard, Suite 400, Irvine, California. Toshiba America Electronics Components, Inc. is a wholly-owned and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant

7

Toshiba Corporation. During the Class Period, Toshiba America Electronics Components, Inc. sold and distributed CRT Products manufactured by Toshiba Corporation to customers throughout the U.S., including in Arkansas. Toshiba America Electronic Components also sold and distributed FPD Products manufactured by Toshiba Corporation in the U.S., including in Arkansas, during the Class Period.

22.     Defendant Toshiba America Information Systems, Inc. is a California corporation with its principal place of business at 9470 Irvine Blvd., Irvine, California. Toshiba America Information Systems, Inc. is a wholly-owned and controlled subsidiary of Toshiba America, Inc., a holding company for Defendant Toshiba Corporation. During the Class Period, Toshiba America Information Systems, Inc. sold and distributed CRT Products manufactured by Toshiba Corporation to customers throughout the U.S., including in Arkansas. Toshiba America Information Systems also sold and distributed FPD Products manufactured by Toshiba Corporation in the U.S., including in Arkansas, during the Class Period.

23.     Defendants Toshiba Corporation, Toshiba America Electronics Components, Inc., and Toshiba America Information Systems, Inc. are referred to collectively herein as "Toshiba."

24.     Defendant MT Picture Display Company is a wholly-owned and controlled subsidiary of Defendant Matsushita organized under the laws of Japan with its principal place of business located at Rivage Shinagawa, 1-8, Konan 4-chome, Minato-ku, Tokyo 108-0075, Japan. Prior to April 2007, MT Picture Display Company was a joint venture between Matsushita Electric Industrial Co., Ltd. and Toshiba Corporation named Matsushita Toshiba Picture Display Co. Ltd. This joint venture was created in

2003 and integrated the CRTs operations of its parents. During the Class Period, both MT Picture Display and its predecessor Matsushita Toshiba Picture Display Co. Ltd. sold and distributed CRT Products to customers throughout the U.S., including in Arkansas.

25. Defendants MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) were subsidiaries of MT Picture Display Company. Both subsidiaries were incorporated in Maryland and with their principal place of business located at 300 East Lombard Street, Baltimore, MD 21202. During the Class Period, MT Picture Display Corporation of America (New York) and MT Picture Display Corporation of America (Ohio) sold and distributed CRT Products to customers throughout the U.S., including in Arkansas.

26. Defendant LP Displays (formerly known as LG Philips Display), a joint venture between LG Electronics and Koninklijke Philips Electronics, is organized under the laws of Hong Kong with its principal place of business located at Corporate Communications, 6th Floor, ING Tower, 308 Des Voeux Road Central, Sheung Wan, Hong Kong. During the Class Period, LP Displays sold and distributed CRT Products to customers throughout the U.S., including in Arkansas.

27. Defendants committed the acts alleged in this complaint through their officers, directors, agents, employees, or representatives while they were actively engaged in the management, direction, control, or transaction of each defendant's business or affairs.

28. Defendants' unlawful and intentional concerted actions have severely damaged and will continue to damage Plaintiff and the members of the classes they seek to represent.

## CO-CONSPIRATORS AND AGENCY

29.     Defendants, along with certain other persons, firms, corporations and entities, are co-conspirators in the violations and conspiracies alleged in this Complaint. These co-conspirators have performed acts and made statements in furtherance of the antitrust violation and conspiracies alleged herein.

30.     At all relevant times, each Defendant ratified and/or authorized the wrongful acts of each of the other Defendants. Defendants, and each of them, are individually sued as participants and as aiders and abettors in the improper acts, plans, schemes and transactions that are the subject of this Complaint. Defendants participated as numbers of the conspiracy or acted with or in furtherance of it, or aided or assisted in carrying out its purposes alleged in this Complaint, and have performed acts and made statements in furtherance of the violations and conspiracy.

31.     At all times, each Defendant was the agent of the other Defendants and in committing the violations and conspiracies alleged in this Complaint was acting within the course and scope of that agency and with the permission and consent of the principals.

## CLASS-ACTION ALLEGATIONS

32.     Plaintiff brings this action both on behalf of himself and on behalf of the following Class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All people and business entities in Arkansas that indirectly purchased CRT Products manufactured, sold, or distributed by Defendants, other than for resale, from May 1, 1990 to present.

> Specifically excluded from this Class are the Defendants; the officers, directors or employees of any Defendant; any entity in which any Defendant has a controlling interest; and any affiliate, legal representative, heir or assign of any Defendant. Also excluded are any judicial officers presiding over this action.

10

33.     Plaintiff has met the requirements of Rules 23(a), 23(b)(1), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

34.     Plaintiff does not know the exact size class, since this information is in Defendants' exclusive control. But based on the nature of the trade and commerce involved, Plaintiff believes that the class numbers in the millions and that the class members are geographically dispersed throughout Arkansas. Therefore, joinder of all class members would be impracticable, and class treatment is the superior method for fairly and efficiently adjudicating this controversy.

35.     Plaintiff's claims are typical of other class members' claims because Plaintiff was injured through the uniform misrepresentations and omissions described and paid supra-competitive prices for CRT Products without having been informed that he was paying illegal and improper prices. Accordingly, by proving his own claim, Plaintiff will presumptively prove the class members' claims.

36.     Common legal and factual questions exist, such as:

   a.     Whether Defendants conspired to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Arkansas;

   b.     Whether Defendants conspired to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Arkansas;

   c.     The existence and duration of Defendants' horizontal agreements to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Arkansas;

   d.     The existence and duration of Defendants' horizontal agreements to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Arkansas;

11

e.    Whether each Defendant was a member of, or participated in, the arrangement, contract, or agreement to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Arkansas;

f.    Whether each Defendant was a member of, or participated in, the arrangement, contract, or agreement to allocate the market for CRT Products marketed, distributed, and sold in Arkansas;

g.    Whether Defendants' conspiracy was implemented;

h.    Whether Defendants took steps to conceal their conspiracy from Plaintiff and the class members;

i.    Whether Defendants' conduct caused injury in fact to the business or property of Plaintiff and the class members, and if so, the appropriate classwide measure of damages;

j.    Whether the agents, officers or employees of Defendants and their co-conspirators participated in telephone calls, meetings, and other communications in furtherance of their conspiracy; and

k.    Whether the purpose and effect of the acts and omissions alleged was to fix, raise, maintain, or stabilize the prices of CRT Products marketed, distributed, and sold in Arkansas, and to manipulate and allocate the market for CRT Products marketed, distributed, and sold in Arkansas.

37.    Plaintiff can and will fairly and adequately represent and protect the class members' interests and has no interests that conflict with or are antagonistic to the class members' interests.  Plaintiff's attorneys are experienced and competent in complex-class- action and consumer-antitrust litigation.

38.    Class certification of the proposed class is appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted given that:

a.    Common questions of law and fact overwhelmingly predominate over any individual questions that may arise among or within the respective, alternative classes and, consequently, enormous

economies to the court and parties exist in litigating the common issues on a classwide basis or, alternatively, bases, instead of on a repetitive individual basis or, alternatively, bases;

b.     Each individual class member's damage claim is too small to make individual litigation an economically viable alternative, and few class members have any interest in individually controlling the prosecution of separate actions;

c.     Class treatment is required for optimal deterrence and compensation and for limiting the court-awarded reasonable legal expenses incurred by class members; and

d.     Despite the relatively small size of each individual class member's claim, the aggregate volume of their claims, whether considered in one class, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost effective basis, especially when compared with repetitive individual litigation, and no unusual difficulties are likely to be encountered in this class action's management in that all legal and factual questions are common to the class or, alternatively, classes.

39.     Class certification is appropriate pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure because prosecution of separate actions would create a risk of adjudication with respect to individual class members, which may as a practical matter, dispose of other class members' interests who aren't parties to the adjudication or which may substantially impair or impede their ability to protect their interests.  Separate actions prosecuted by individual class members would also create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for Defendants.

40.     Class certification is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendants have acted on grounds generally applicable to the class' members.

41.     Plaintiff's claims are typical of the associated class members' claims because Defendants injured Plaintiff and the class members in the same manner (i.e., Plaintiff and the class members were forced to pay supra-competitive prices for CRT Products).

## TRADE AND COMMERCE

42.     During the Class Period, each Defendant, or one or more of its subsidiaries, sold CRT Products in the U.S., including into Arkansas, in a continuous and uninterrupted flow of interstate commerce and foreign commerce, including through and into this judicial district.

43.     The business activities of the Defendants substantially affected interstate trade and commerce in the U.S., including Arkansas, and caused antitrust injury in the U.S., including in Arkansas.

## FACTUAL ALLEGATIONS

### A.     CRT Technology

44.     CRT technology has been in use for more than 100 years. The basic cathode-ray tube consists of three elements:  The envelope, the electron gun, and the phosphor screen.



**Cross-sectional representation of a cathode ray tube**

*Source: DIYcalculator.com, available at www.diycalculator.com/sp-console.shtml.*

45.     CRTs are manufactured in several standard sizes, including 17 inch, 19 inch, 27 inch, and 32 inch. CRTs manufactured by Defendants are interchangeable with one another.

**B.     Trends within the CRT Products Market and Increased Competition from FPD Products**

46.     The worldwide market for CRT Products is and has been large. In 1997, the worldwide CRTs market exceeded $24 billion in sales.

47.     At the beginning of the Class Period, CRTs were the dominant display technology worldwide. For example, in 1997, 99.3% of all computer monitors sold worldwide contained CRTs. In 2005, approximately 47 million CRT monitors were sold worldwide, and approximately 20.3% of these were sold in the U.S.

15

48.     Although the value of all display materials shipped worldwide is projected to rise at an average annual growth rate of 12.8% by 2010, worldwide demand for CRT Products is declining overall because of the growing popularity of FPD Products which are being used in place of CRT Products. (<http://www.bccresearch.com/RepTemplate. cfm?reportID=552&RepDet=HLT&cat=smc&target=repdet...11/13/2007>).  CRT Products' share of the market declined precipitously in the U.S. where FPD Products achieved more rapid market penetration.

49.     FPD Products may be used to produce the same image as CRT Products but also have many important advantages over CRT Products.  For example, FPD Products are less bulky, require less energy, are easier to read, and do not flicker.

50.     In 1995, recognizing the increasing significance of FPD technologies, Korean manufacturers Samsung and LG Electronics entered the FPD Product market, leading to a surge in FPD Product manufacturing capacity.

51.     The market share of CRT Products declined as other newer technologies emerged and were brought to market.  As demonstrated in the chart below, by 1998, FPD Products had already achieved 32% of the U.S. market for CRT Products.  Penetration by FPD Products is projected to reach 96% by 2009.  FPD Products' global penetration has not been as dramatic as it was in the U.S. due to the continued popularity of lower-priced CRT Products in China, India, and South America.



*Source: David Hsieh, Flat Panel Display Market Outlook, DisplaySearch Presentation, Nov. 5, 2005.*

52.     CRT TVs currently account for only a minority share of television set revenues in North America (37.3%), Japan (9.5%) and Europe (31.0%).  Naranjo, *The Global Television Market*, DisplaySearch Report, p. 19.

53.     During the Class Period, while demand for CRT Products continued to fall in the U.S., Defendants' conspiracy was effective in moderating the normal downward pressures on prices for CRT Products caused by the entry of the new generation of competing technologies.  Indeed, during the Class Period, there were not only periods of unnatural and sustained price stability, but there were also inexplicable increases in the prices of CRTs, despite declining demand due to approaching obsolescence of CRTs caused by the emergence of a new, superior, substitutable technology.

17

54. These periods of price stability and price increases for CRTs are fundamentally inconsistent with a competitive market for a product where demand is rapidly decreasing because of the introduction of new superior technologies.

C. **Structure of the CRT Product Industry**

55. The CRT Product industry is characterized by a number of structural features that facilitate collusion, including market concentration, the consolidation of manufacturers, multiple interrelated business relationships, significant barriers to entry, and interchangeability of products.

56. Defendant Samsung SDI has the largest market share of any CRT Products manufacturer at this point in time. In 2000, Defendant Samsung SDI had 18% of the global CRTs market. In 2002, Samsung SDI had 21.8% of the global market for CRT monitors. In 2004, Samsung SDI had a 30% share of the global CRTs market.

57. Defendant LP Displays (formerly LG.Philips Displays) has the second largest share of the CRTs market. In 2004, LG.Philips Displays held 27% of the global market for CRT.

58. Defendant MT Picture Display (formerly Matsushita Toshiba Display Co.) is also a major player in the CRTs market. In 2004, Matsushita Toshiba Picture Display Co. held 9% of the global market for CRTs.

59. Defendant Chunghwa Picture Tubes held 21.7% of the global CRTs market in 1999.

60. In 2004, Defendants Samsung SDI, LP Displays, MT Picture Display, and Chunghwa Picture Tubes maintained a collective 78% of the global CRTs market.

61. The market for CRT Products is subject to high manufacturing and

18

technological barriers to entry. Efficient fabrication plants are large and costly and require years of research, development and construction. Technological advances have caused Defendants to undertake significant research and development expenses.

62. The CRT Products market has also been subject to substantial consolidation and multiple interrelated business relationships during the Class Period. Matsushita Electric Industrial Co. Ltd. and Toshiba Corporation combined their efforts by forming Defendant MT Picture Display Company. At the time of the formation of MT Picture Display, Matsushita and Toshiba had been the fourth and sixth largest CRT manufacturers in the world. This joint venture combined the entire CRT operations of both parent companies. MT Picture Display Company specialized in the manufacture of CRTs above 30 inches, supplying some 950,000 units annually to the North American market.

63. In November 2000, Defendants LG Electronics and Koninklijke Philips Electronics agreed to enter a 50/50 joint venture that merged their CRT operations. The resulting joint venture, originally named LG.Philips Displays, and renamed LP Displays in 2007, entered the market with a 25% share, making it the second largest CRTs manufacturer only behind Samsung SDI at the time.

64. In 2005, Samsung SDI and LG.Philips Displays entered into an agreement to share parts with respect to CRTs in an effort to boost their combined market share.

65. Defendants sell their CRT Products through various channels, including to manufacturers of electronic products and devices, and to resellers of CRT Products, and incorporate CRTs into their own manufactured products, which are then sold directly to consumers.

19

**D.    International Antitrust Investigations**

66.    Competition authorities in the U.S., Europe, Japan and South Korea recently engaged in coordinated actions, including raids, targeting the unlawful CRT Products cartel alleged in this Complaint. On November 9, 2007, the Reuters news agency reported:

> Antitrust authorities in Europe and Asia raided a Matsushita Electric Industrial Co. Ltd. unit and other cathode ray tube markers on suspicion of price fixing, weighing on the share of the Panasonic maker.

> \*        \*        \*

> Matsushita confirmed Japan's Fair Trade Commission (FTC) had begun a probe of its cathode ray tube unit. MT Picture Display Co. Ltd., while Samsung SDI Co. Ltd. said South Korea's FTC had started an investigation into its CRT business.

www.reuters.com/article/mergersNews/idUSL0890850720071109.

67.    On November 9, 2007, the European Commission confirmed in Brussels that "on November 8 Commission officials carried out unannounced inspections at the premises of manufacturers of cathode ray tubes." The European Commission's announcement continued stating, "The Commission has reason to believe that the companies concerned may have violated EC Treaty rules on cartels and restrictive business practices."

68.    On November 12, 2007, Chunghwa Picture Tubes, Ltd. confirmed that it had received a subpoena from a California district court relating to CRTs. A federal grand jury operating under the auspices of the U.S. Department of Justice, Antitrust Division ("DOJ") through its San Francisco office issued the subpoena.

69.    On November 21, 2007, Koninklijke Philips Electronics, N.V. reported

that it and its joint venture with LG Electronics, LP Displays, are also targets of the coordinated investigation into collusive practices and other antitrust violations in the CRTs market.

70. The Defendants include known recidivist antitrust violators. Samsung, for example, was fined $300 million by the DOJ in October 2005 for participating in a conspiracy to fix prices for Dynamic Random Access Memory. It is also under investigation by the DOJ (along with some of the other Defendants, including Toshiba) for fixing prices of Static Random Access Memory. Samsung and Toshiba are also being investigated for collusion among manufacturers of NAND flash memory.

71. Several Defendants, including Samsung and a joint venture between LG Electronics and Koninklijke Philips Electronics, are targets of a coordinated investigation by the DOJ and antitrust authorities in Europe, Japan and South Korea in connection with anticompetitive conduct in the market for LCD Products. Because LCD Products and CRT Products are used in the same primary applications, collusion with respect to CRT Product prices would bolster these same Defendants' LCD pricing cartel. Keeping CRTs prices artificially inflated also would serve both to increase profits on remaining CRTs sales while protecting LCD prices.

## **FRAUDULENT CONCEALMENT**

72. Plaintiff and members of the Class did not discover and could not discover through the exercise of reasonable diligence the existence of the conspiracy alleged herein any earlier than November 9, 2007 when it was first publicly reported that manufacturers of CRT Products were under investigation by antitrust authorities in Europe, Japan, and South Korea for conspiring to fix the prices of CRT Products.

21

73.     Because Defendants' agreements, understandings, and conspiracies were kept secret until November 9, 2007, Plaintiff and members of the Class before that time were unaware of Defendants' unlawful conduct alleged herein, and they did not know before that time they were paying artificially high prices for CRT Products throughout the U.S., including in Arkansas, during the Class Period.

74.     The affirmative acts of the Defendants alleged herein, including acts in furtherance of the conspiracy, were wrongfully concealed and carried out in a manner that precluded detection.

75.     By its very nature, Defendants' price fixing conspiracy was inherently self-concealing. The CRT industry is not exempt from antitrust regulation, and thus, before November 9, 2007, Plaintiff reasonably considered it to be a well-regulated competitive industry.

76.     In the context of the circumstances surrounding Defendants' pricing practices, Defendants' acts of concealment were more than sufficient to preclude suspicion by a reasonable person that Defendants' pricing was collusive and conspiratorial. Accordingly, a reasonable person under the circumstances would not have been alerted to investigate the legitimacy of Defendants' prices before November 9, 2007.

77.     Plaintiff and members of the Class could not have discovered the alleged contract, conspiracy, or combination at an earlier date by the exercise of reasonable diligence because of the deceptive practices and techniques of secrecy employed by the Defendants and their co-conspirators to avoid detection of, and fraudulently conceal, their contract, combination, or conspiracy.

78.     Because the alleged conspiracy was both self-concealing and affirmatively

concealed by Defendants and their co-conspirators, Plaintiff and members of the Class

had no knowledge of the alleged conspiracy, or of any facts or information that would

have caused a reasonably diligent person to investigate whether a conspiracy existed,

until November 9, 2007, when reports of the investigations into price fixing in the CRT

industry were first publicly disseminated.

79.    None of the facts or information available to Plaintiff and members of the

Class prior to November 9, 2007, if investigated with reasonable diligence, could or

would have led to the discovery of the conspiracy alleged herein prior to November 9,

2007.

80.    As a result of the self-concealing nature of the conspiracy and the active

concealment of the conspiracy by Defendants and their co-conspirators, any and all

applicable statutes of limitations otherwise applicable to the allegations herein have been

tolled.

**COUNT I**
**VIOLATION OF THE ARKANSAS ANTITRUST ACT**

81.    Plaintiff incorporates and re-alleges paragraphs 1 – 80.

82.    From May 1, 1998 through present, Defendants engaged in an unfair

method of competition in Arkansas commerce and in unfair or deceptive acts or practices

in Arkansas commerce by conspiring to fix CRT Products' prices and to allocate CRT

Products' customers and markets.  Defendants' conspiracy lessened full and free

competition in CRT Products' importation and sale into Arkansas and controlled their

costs, which violated A.C.A. §4-75-301 *et seq.*

83.    Defendants' conspiracy caused them to (a) fix, raise, maintain, and

stabilize CRT Products prices; (b) allocate CRT Products customers and markets; and (c)

23

caused Plaintiff and the other Arkansas class members to pay higher prices for CRT

Products that they indirectly purchased from Defendants.

84. In formulating and effectuating their conspiracy, Defendants and their co-

conspirators:

      a. Met to discuss CRT Products customers and markets;

      b. Agreed to charge prices at certain levels and to increase or
        maintain prices for CRT Products sold in the U.S., including in
        Arkansas;

      c. Issued price announcements, quotations, and charged prices
        consistent with their illegal agreement; and

      d. Allocated CRT Products' markets and customers consistent with
        their illegal agreement.

85. Defendants' conspiracy had the following effects:

      a. CRT Products' price competition was restrained, suppressed, and
        eliminated throughout the U.S., including in Arkansas;

      b. CRT Products' prices were raised, fixed, maintained, and stabilized
        at artificially high levels throughout the U.S., including in
        Arkansas;

      c. Plaintiff and the other Arkansas class members that indirectly
        purchased CRT Products were deprived of free and open market
        competition and were injured; and

      d. Plaintiff and the other Arkansas class members paid more than they
        otherwise would have for CRT Products that they purchased
        indirectly.

86. Defendants' conspiracy substantially affected commerce within Arkansas

and constituted an unfair method of conduct.

87. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

and the other Arkansas class members were injured by having paid more for CRT

Products that they indirectly purchased than they otherwise would have absent

Defendants' conspiracy.

**COUNT II**
**UNJUST ENRICHMENT**

88.     Plaintiff repeats and re-alleges paragraphs 1 through 80.

89.     As the result of Defendants' illegal agreement, contract, combination, and

conspiracy, Plaintiff and the class members conferred a benefit upon Defendants, and

Defendants received and retained this benefit under such circumstances that it would be

inequitable and unconscionable to permit Defendants to retain this benefit without paying

its reasonable value to Plaintiff and the class members.

90.     As a direct and proximate result of Defendants' unjust enrichment,

Plaintiff and the class members suffered injury and seek an order directing Defendants to

return to them the amount each of them improperly paid to Defendants, plus interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment in the class

members' favor and against Defendants, as follows:

A.     That this Court determine that this action may be maintained as a class
       action under Rule 23 of the Federal Rules of Civil Procedure and certify
       the Arkansas class;

B.     That this Court rule that Defendants' conspiracy violated Arkansas law
       and that compensatory damages, including treble damages, are
       appropriate;

C.     That this Court determine that Defendants were unjustly enriched;

D.     That this Court permanently enjoin Defendants from conspiring to fix
       CRT Products' prices and allocating CRT Products' markets or other
       injunctive relief as this Court deems appropriate;

25

E.    That this Court award Plaintiff post-judgment interest, his costs, and
      reasonable attorneys' fees; and

F.    That this Court order any other relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all triable issues.

Dated: January 11th, 2008


                                    Respectfully submitted,


                                    _____
                                    Charles M. Kester ABA#94238
                                    **THE KESTER LAW FIRM**
                                    P.O. Box 184
                                    Fayetteville, AR 72702-0184
                                    Telephone:    (479) 582-4600
                                    Facsimile:    (479) 571-1671
                                    E-mail:       cmkester@nwark.com

                                    Bruce Mulkey
                                    **THE MULKEY ATTORNEYS GROUP, P.A.**
                                    1039 W. Walnut, Suite 3
                                    Rogers, AR 72756
                                    Telephone:    (479) 631-0481
                                    Facsimile:    (479) 631-5994
                                    E-mail:       bruce@mulkeylaw.com

                                    Daniel R. Karon
                                    **GOLDMAN SCARLATO & KARON, P.C.**
                                    55 Public Square, Suite 1500
                                    Cleveland, OH 44113-1998
                                    Telephone:    (216) 622.1851
                                    Facsimile:    (216) 622-1852
                                    E-mail:       karon@gsk-law.com

                                    Krishna B. Narine
                                    **LAW OFFICE OF KRISHNA B. NARINE**
                                    7839 Montgomery Ave.
                                    Elkins Park, PA 19027
                                    Telephone:    (215) 771-4988
                                    Facsimile:    (215) 782-3241
                                    E-mail:       knarine@kbnlaw.com

26

Isaac L. Diel
**SHARP McQUEEN**
135 Oak Street
Bonner Springs, KS  66012
Telephone:     (913) 383-8711
Facsimile:     (913) 422-0307
E-mail:          dslawkc@aol.com

Donna F. Solen
**THE MASON LAW FIRM, LLP**
1225 19th Street, N.W.
Suite 500
Washington, DC 20036
Telephone:     (202) 640-1162
Facsimile:     (202) 429-2294
E-Mail:          dsolen@masonlawdc.com

Alexander E. Barnett
**THE MASON LAW FIRM, LLP**
1120 Avenue of the Americas
Suite 4019
New York, NY 10036
Telephone:     (212) 362-5770
Facsimile:     (917) 591-5227
E-Mail:          abarnett@masonlawdc.com

*Attorneys for Plaintiff and the Class*

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| JERRY COOK, on behalf of himself and all others similarly situated, | ) ) ) | Case No. 08-5013 |
| Plaintiff | ) ) ) | |
| CHUNGHWA PICTURE TUBES, LTD.; TATUNG COMPANY OF AMERICA, INC.; L.G. ELECTRONICS, INC.; LG PHILIPS DISPLAY USA, INC.; MATSUSHITA ELECTRIC INDUSTRIAL CO. LTD.; PANASONICCORPORATION OF NORTH AMERICA; KONINKLIJKE PHILIPS ELECTRONICS N.V.; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; SAMSUNG ELECTRONICS CO.; SAMSUNG ELECTRONICS AMERICA, INC.; SAMSUNG SDI CO. LTD. f/k/a SAMSUNG DISPLAYDEVICE CO.; TOSHIBA AMERICA ELECTRONICS COMPONENTS, INC.; TOSHIBA AMERICA INFORMATION SYSTEMS, INC.; MT PICTURE DISPLAY COMPANY; MT PICTURE DISPLAY CORPORATION OF AMERICA (New York); MT PICTURE DISPLAY CORPORATION OF AMERICA (Ohio) AND LP DISPLAYS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

## ENTRY OF APPEARANCE

COMES NOW, Bruce L. Mulkey of The Mulkey Attorneys Group, P.A., Rogers, Arkansas

and enters his appearance on behalf of the plaintiff in the above-styled cause.

1

JERRY COOK, Plaintiff


By:     / s /  Bruce L. Mulkey
        Bruce L. Mulkey, Arkansas Bar No. 91026
        The Mulkey Attorneys Group, P.A.
        1039 West Walnut Street, Suite 3
        Rogers, Arkansas 72756
        Phone:   (479) 631-0481
        Facsimile: (479) 631-5994

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERRY COOK, on behalf of himself
and all other similarly situated                                  PLAINTIFF

V.                              CASE NO. 5:08-cv-5013-JLH

CHUNGHWA PICTURE TUBES, LTD.
et al.                                                            DEFENDANTS

DEFENDANTS

## NOTICE OF APPEARANCE

To the Clerk of this Court and all parties of record:

Enter my appearance as counsel in this case for Defendant Panasonic Corporation of North

America.

I certify that I am admitted to practice in this Court.

Date:  02/11/08                          Respectfully submitted

                                         PHILIP E. KAPLAN
                                         /s/Philip E. Kaplan
                                         68026
                                         Attorney for Defendant Panasonic Corporation of
                                         North America
                                         Williams & Anderson PLC
                                         111 Center Street, 22nd Floor
                                         Little Rock, AR 72201
                                         501-372-0800
                                         pkaplan@williamsanderson.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2008, I electronically filed the foregoing with the Clerk of
Court using the CM/ECF system, which shall send notification of such filing to the following:

- **Charles M. Kester**
  cmkester@nwark.com,pauline@kester.arcoxmail.com
- **Bruce L. Mulkey**
  bruce@mulkeylaw.com,abby@mulkeylaw.com

There are no manual recipients.

/s/Philip E. Kaplan
68026
Attorney for Defendant Panasonic Corporation of North America
Williams & Anderson PLC
111 Center Street, 22nd Floor
Little Rock, AR 72201
501-372-0800

A CERTIFIED TRUE COPY

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 27 2008

MAR 1 4 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

DISTRICT COURT
WESTERN DISTRICT ARKANSAS  FILED
FILED  CLERK'S OFFICE

MAR 24 2008

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

**IN RE: CATHODE RAY TUBE (CRT)**
**ANTITRUST LITIGATION**

C 07-5944 SC

(SEE ATTACHED SCHEDULE)

MDL No. 1917

# FILED

MAR 18 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CONDITIONAL TRANSFER ORDER (CTO-1)**

On February 15, 2008, the Panel transferred one civil action to the United States District Court for the Northern District of California for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* ___F.Supp.2d___ (J.P.M.L. 2008). With the consent of that court, all such actions have been assigned to the Honorable Samuel Conti.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the action previously transferred to the Northern District of California and assigned to Judge Conti.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of California for the reasons stated in the order of February 15, 2008, and, with the consent of that court, assigned to the Honorable Samuel Conti.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of California. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 1 4 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By R. C. S-r-s
Deputy Clerk
Date 03/19/08

IN RE: CATHODE RAY TUBE (CRT)                                    MDL No. 1917
ANTITRUST LITIGATION

## SCHEDULE CTO-1 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

ARKANSAS WESTERN              Jerry Cook v. Chunghwa Picture Tubes, Ltd., et al.
  ARW  5  08-5013

ARIZONA                       Brian A. Luscher, et al. v. Chunghwa Picture Tubes, Ltd., et al.
  AZ  2  08-55

MINNESOTA                     Wettstein & Sons, Inc., etc. v. Chunghwa Picture Tubes, Ltd., et al.
  MN  0  07-4889
  MN  0  08-160               Barry Kushner, et al. v. Chunghwa Picture Tubes, Ltd., et al.

NEW JERSEY                    Princeton Display Technologies, Inc. v. Chunghwa Picture Tubes, Ltd., et al.
  NJ  2  07-5713
  NJ  2  08-39                Royal Data Services, Inc. v. Samsung Electronics Co., Ltd., et al.
  NJ  2  08-86                OK TV & Appliances, LLC v. Samsung Electronics Co., Ltd., et al.

NEW YORK SOUTHERN             Arch Electronics, Inc. v. LG Electronics, Inc., et al.
  NYS  1  07-10664
  NYS  1  07-10674            Meijer, Inc., et al. v. LG Electronics, Inc., et al.
  NYS  1  07-11203            Industrial Computing, Inc. v. Chunghwa Picture Tubes, Ltd., et al.

OHIO NORTHERN                 Southern Office Supply, Inc. v. Chunghwa Picture Tubes, Ltd., et al.
  OHN  1  08-62

SOUTH CAROLINA                Greg A. Glanz v. Chunghwa Picture Tubes, Ltd., et al.
  SC  4  07-4175

TENNESSEE EASTERN             Charles Benson v. Chunghwa Picture Tubes, Ltd., et al.
  TNE  2  08-11

VERMONT                       Margaret Slagle v. Chunghwa Picture Tubes, Ltd., et al.
  VT  2  08-5

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERRY COOK, on behalf of himself
and all others similarly situated                    PLAINTIFF

   v.    Civil No. 08-5013

CHUNGHWA PICTURE TUBES, et al.                       DEFENDANTS

<u>O R D E R</u>

Now on this 14th day of February, 2008, comes on for consideration the **Joint Motion For Enlargement Of Time To Answer, Move Or Otherwise Respond To The Complaint** of plaintiff and separate defendant Panasonic Corporation of North America (document #4), and the Court, being well and sufficiently advised, finds and orders as follows:

1. Movants allege that the instant case is one of some thirty class actions relating to the same subject matter, and that they anticipate the matter will be transferred to an MDL court for coordinated and consolidated pretrial proceedings.  They also allege that plaintiff contemplates filing an amended complaint if the matter is sent to an MDL court.  They suggest an extension of the time for defendant to respond to the Complaint, running 45 days from either (a) the filing of an amended complaint or (b) the date plaintiff provides written notice that he does not intend to file an amended complaint.  This extension would obtain unless defendant agrees to sooner file an answer in any of the similar

cases. Movants also suggest allowing other defendants to have the benefit of a similar extension by written agreement.

2.    While the Court is not unmindful of the efficiencies that may be gained by allowing defendants to file one response rather than two, and the motion will be **granted**, the Court is unwilling to leave the matter as open-ended as the movants request. It will, instead, allow all defendants an extension of time to respond to plaintiff's Complaint until the earlier of (a) May 1, 2008, or (b) 45 days after the filing of an amended complaint, with the exception that if a particular defendant agrees to sooner file an answer in any of the similar cases, it must file its answer in this case on the same date.

3.    It is not clear from the file which defendants have been served with the Complaint and Summons, and which have not. The Court does not intend, by this Order, to shorten the response time allowed by the Federal Rules of Civil Procedure for any defendant who is served after the date of this Order.

        **IT IS SO ORDERED.**

                                **/s/Jimm Larry Hendren**
                                **JIMM LARRY HENDREN**
                                **UNITED STATES DISTRICT JUDGE**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JERRY COOK, on behalf of
himself and all other similarly situated
                                                          PLAINTIFFS

V.                           CASE NO. 5:08-cv-5013-JLH

CHUNGHWA PICTURE TUBES;
TATUNG CO. OF AMERICA;
L.G. ELECTRONICS; LG PHILIPS
DISPLAY USA; MATSUSHITA
ELECTRIC INDUSTRIAL CO.;
PANASONIC CORP. OF NA;
KONINKLIJKE PHILIPS ELECTRONICS N.V.;
PHILIPS ELECTRONICS NA CORP.;
SAMSUNG ELECTRONICS CO.;
SAMSUNG ELECTRONICS AMERICA;
SAMSUNG SDI CO. F/K/A SAMSUNG
DISPLAY DEVICE CO.; TOSHIBA CORP.;
TOSHIBA AMERICA ELECTRONICS
COMPONENTS; TOSHIBA AMERICA
INFORMATION SYSTEMS;  MT PICTURE
DISPLAY CO.; MT PICTURE DISPLAY CORP.
OF AMERICA (NEW YORK); MT PICTURE
DISPLAY CORP. OF AMERICA (OHIO);
LP DISPLAYS                                               DEFENDANTS

**JOINT MOTION FOR ENLARGEMENT OF TIME
TO ANSWER, MOVE OR OTHERWISE RESPOND
TO THE COMPLAINT**


    Defendant Panasonic Corporation of North America ("PNA"), by counsel, and Plaintiff

Jerry Cook, by counsel, jointly move this Court to enlarge the time within which PNA has to

answer, move or otherwise respond to the Complaint in this action. In support of this Joint

Motion and for a more particular statement of the relief sought, the parties state as follows:

1. Plaintiff, Jerry Cook, filed a Complaint in the above-captioned case on or about

January 11, 2008;

2. Plaintiff alleged antitrust violations by manufacturers, distributors, and sellers of

Cathode-Ray Tubes and products containing Cathode-Ray Tubes (collectively "CRT products");

3. More than thirty (30) complaints of a similar nature have been filed to date in

federal district courts throughout the United States by plaintiffs purporting to bring class actions

on behalf of direct and indirect purchasers alleging antitrust violations by manufacturers,

distributors, and sellers of CRT products (collectively "the CRT Cases");

4. Motions have been filed before the Judicial Panel on Multidistrict Litigation to

transfer the CRT cases to various jurisdictions for coordinated and consolidated pretrial

proceedings pursuant to 28 U.S.C. §1407;

5. Oral argument regarding the aforementioned motions was held before the Judicial

Panel on Multidistrict Litigation on January 30, 2008, and the various parties to the CRT cases

anticipate a decision from the Judicial Panel on Multidistrict Litigation on where the CRT cases

will be coordinated and consolidated for pretrial proceedings pursuant to 28 U.S.C. § 1407 in the

coming weeks;

6. Plaintiff may file Consolidated Amended Complaints in the CRT cases;

7. Plaintiff and PNA agree that an orderly schedule for any response to the pleadings

in the CRT Cases would be more efficient for the parties and for the Court;

8. Plaintiff is agreeable to extending the deadline for PNA to answer, move, or

otherwise respond to the Complaint until the earliest of (1) forty-five (45) days after the filing of

a consolidated Amended Complaint in the CRT Cases, or (2) forty-five (45) days after Plaintiff

provides written notice to PNA that Plaintiff does not intend to file a consolidated Amended

Complaint, provided, however, that in the event that PNA should agree to an earlier response

date in any particular CRT case, PNA will respond to the Complaint in this captioned action on

that earlier date;

      9.    Plaintiff is agreeable to the stated extension applying, without further stipulation

or Motion, to all named defendants who notify Plaintiff's counsel in writing of their intention to

become subject to the agreement between PNA and Plaintiff;

      10.    Plaintiff agrees that acceptance of the Agreement between Plaintiff and PNA by

any party shall not constitute a waiver by PNA or any given defendant of any defense, including

but not limited to the defense of lack of personal jurisdiction, subject matter jurisdiction,

improper venue, sufficiency of process or service of process;

      WHEREFORE, the parties respectfully request this Court order as follows:

      1.    The deadline for Defendant PNA to answer, move, or otherwise respond to the

Complaint be extended until the earliest of the following:  (1) forty-five (45) days after the filing

of a consolidated Amended Complaint in the CRT Cases, or (2) forty-five (45) days after

Plaintiff provides written notice to PNA that Plaintiff does not intend to file a consolidated

Amended Complaint, provided, however, that in the event that PNA should agree to an earlier

response date in any particular CRT case, PNA will respond to the Complaint in the captioned

action on that earlier date.

      2.    The same extension be made available for any party who provides written

notification to Plaintiff's counsel of its intention to become subject to this Order.

3.     Acceptance of the terms of this Order does not constitute a waiver by PNA or any other named defendant of any defense, including but not limited to the defenses of lack of personal jurisdiction, subject matter jurisdiction, improper venue, sufficiency of process, or service of process.

Respectfully submitted this 12th day of February 2008,

/s/Philip E. Kaplan
PHILIP E. KAPLAN
Bar No. 68026
Attorney for Defendant Panasonic Corporation of North America
Williams & Anderson PLC
111 Center Street, 22nd Floor
Little Rock, AR 72201
501-372-0800
pkaplan@williamsanderson.com

/s/Charles M. Kester
CHARLES M. KESTER
Bar No. 94238
Attorney for Plaintiff Jerry Cook
The Kester Law firm
P.O. Box 184
Fayetteville, AR 72702-0184
479-582-4600
cmkester@nwark.com

/s/Bruce Mulkey
BRUCE MULKEY
Attorney for Plaintiff Jerry Cook
The Mulkey Attorneys Group, P.A.
1039 W. Walnut, Ste. 3
479-631-0481
bruce@mulkeylaw.com

CLOSED

# U. S. District Court
## Western District of Arkansas (Fayetteville)
### CIVIL DOCKET FOR CASE #: 5:08-cv-05013-JLH
#### Internal Use Only

Cook v. Chunghwa Picture Tubes, LTD. et al
Assigned to: Honorable Jimm Larry Hendren
Cause: 15:1 Antitrust Litigation

Date Filed: 01/11/2008
Date Terminated: 03/24/2008
Jury Demand: Plaintiff
Nature of Suit: 410 Anti-Trust
Jurisdiction: Federal Question

**Plaintiff**

**Jerry Cook**
*on behalf of himself and all others
similarly situated*

represented by **Charles M. Kester**
Kester Law Firm
P.O. Box 184
Fayetteville, AR 72702
479-582-4600
Fax: 479-571-1671
Email: cmkester@nwark.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Bruce L. Mulkey**
The Mulkey Attorneys Group P.A.
1039 W. Walnut Suite 3
Rogers, AR 72756
(479) 631-0481
Fax: (479) 631-5994
Email: bruce@mulkeylaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Chunghwa Picture Tubes, LTD.**

**Defendant**

**Tatung Company of America, Inc.**

**Defendant**

**L.G. Electronics, Inc.**

**Defendant**

**LG Philips Display USA, Inc.**

**Defendant**

**Matsushita Electric Industrial Co. LTD.**

**Defendant**

**Panasonic Corporation of North America**

represented by **Philip E. Kaplan**
Williams & Anderson PLC
111 Center St.
22nd Floor
Little Rock, AR 72201
(501) 372-0800
Fax: 501-372-6453
Email: pkaplan@williamsanderson.com

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Koninklijke Philips Electronics N.V**

**Defendant**

**Philips Electronics North America Corporation**

**Defendant**

**Samsung Electronics Co.**

**Defendant**

**Samsung Electronics America, Inc.**

**Defendant**

**Samsung SDI Co. LTD.**
*formerly known as*
Samsung Display Device Co.

**Defendant**

**Toshiba Corporation**

**Defendant**

**Toshiba America Electronics Components, Inc.**

**Defendant**

**Toshiba America Information Systems, Inc.**

**Defendant**

**MT Picture Display Company**

<u>Defendant</u>

**MT Picture Display Corporation of America (New York)**

<u>Defendant</u>

**MT Picture Display Corporation of America (Ohio)**

<u>Defendant</u>

**LP Displays**

| Date Filed | # | Docket Text |
|---|---|---|
| 01/11/2008 | �e 1 | COMPLAINT against Samsung Electronics Co., Samsung Electronics America, Inc., Samsung SDI Co. LTD., Toshiba Corporation, Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., MT Picture Display Company, MT Picture Display Corporation of America (New York), MT Picture Display Corporation of America (Ohio), LP Displays, Chunghwa Picture Tubes, LTD., Tatung Company of America, Inc., L.G. Electronics, Inc., LG Philips Display USA, Inc., Matsushita Electric Industrial Co. LTD., Panasonic Corporation of North America, Koninklijke Philips Electronics N.V, Philips Electronics North America Corporation ( Filing fee $ 350 receipt number 5000479.), filed by Jerry Cook. (No summons issued)(jn) (Entered: 01/11/2008) |
| 01/11/2008 | �e | (Court only) Magistrate Notice/Consent Furnished to plaintiff. (jn) (Entered: 01/11/2008) |
| 01/11/2008 | �e | CLERK'S NOTICE re Multiple Attorneys Listed on Pleading directed to Plaintiff Jerry Cook. Complaint, 1 lists multiple attorneys appearing for the filer(MULKEY, KARON, NARINE, DIEL, SOLEN, BARNETT). All listed attorneys, other than the attorney signing the pleading, must enter a separate Notice of Appearance in order to receive electronic notification of future activity in the case. TEXT ONLY ENTRY, NO DOCUMENT ATTACHED (jn) (Entered: 01/11/2008) |
| 01/14/2008 | �e 2 | MOTION for Leave to Appear by Jerry Cook. (Mulkey, Bruce) (Entered: 01/14/2008) |
| 01/18/2008 | �e | Summons Issued as to Samsung Electronics America, Inc., Toshiba America Electronics Components, Inc., Toshiba America Information Systems, Inc., MT Picture Display Company, Chunghwa Picture Tubes, LTD., Tatung Company of America, Inc., LG Philips Display USA, Inc., Panasonic Corporation of North America, Philips Electronics North America Corporation and returned to attorney/plaintiff for service; Magistrate Notice of Consent attached. (jn) (Entered: 01/18/2008) |
| 01/30/2008 | �e | (Court only) ***Motions terminated: 2 MOTION for Leave to Appear |

| | | |
|---|---|---|
| | | filed by Jerry Cook. Document was an entry of appearance for attorney Mulkey (tg) Modified on 2/1/2008 to add text (jn). (Entered: 01/30/2008) |
| 02/11/2008 | ❸3 | NOTICE of Appearance by Philip E. Kaplan on behalf of Panasonic Corporation of North America (Kaplan, Philip) (Entered: 02/11/2008) |
| 02/12/2008 | ❸4 | Joint MOTION for Extension of Time to File Response/Reply as to 1 Complaint,, *or to move or otherwise respond* by Jerry Cook, Panasonic Corporation of North America. (Kaplan, Philip) (Entered: 02/12/2008) |
| 02/14/2008 | ❸5 | ORDER granting 4 Motion for Extension of Time to File Response/Reply. Signed by Honorable Jimm Larry Hendren on February 14, 2008. (tg) (Entered: 02/14/2008) |
| 03/24/2008 | ❸6 | MDL CONDITIONAL TRANSFER ORDER C 07-5944 SC. Case transferred to District of California, Civil Action 5:07-5013 and assigned to Honorable Samuel Conti. Documents transmitted as requested. (Attachments: #1 Letter from Clerk, District of California) (tg) (Entered: 03/24/2008) |

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Richard  W. Wieking                                          450 Golden Gate Avenue
        Clerk                                                 San Francisco, CA 94102
                                                                   415.522.2000

18 March 2008

U.S. District Court
523 John Paul Hammerschmidt Federal Building
35 East Mountain street
Fayetteville, AR 72701-6420

    Re:    MDL 1917 In re Cathode Ray Tube (CRT) Antitrust Litigation

Title of Case(s)                                   Your Case Number(s)
*Jerry Cook -v- Chunghwa Picture Tubes, Ltd., et al*    *C.A. No. 5:08-5013*

Dear Clerk:

        Enclosed is a certified copy of the order from the Judicial panel on Multidistrict Litigation
transferring the above entitled action to the Northern District of California, San Francisco Division.  The
case has been assigned to the Honorable Samuel Conti for coordinated or consolidated pretrial
processing pursuant to 28 USC §1407.

        Please forward the original record and a certified copy of the docket entries in the case listed
above along with the enclosed copy of this transmittal letter to:

                        United States District Court
                        Northern District of California
                450 Golden Gate Avenue, P.O. Box 36060
                        San Francisco, CA 94102
                           Attn: MDL Clerk

        If the case is an electronic case filing please do one of the following: 1) electronically transfer the
case via ECF by contacting our Automation Department at ecfhelpdesk@cand.uscourts.gov; 2) e-mail
the PDF documents, as separate PDF files,  including a PDF copy of the docket sheet to
SFmdl_clerk@cand.uscourts.gov; 3) provide the PDF documents on a disc; or 4) provide us with a
temporary log in and a password to directly access your database to expedite the downloading of the
PDF files we need and/or require,  We appreciate your prompt attention to this matter.

                                        Sincerely yours,
                                        Richard W. Wieking, Clerk

                                        *L. C. Santo*

                                        For Simone Voltz
                                        Deputy Clerk

Encl.